UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Timothy Darrell Davis, | ) | **C/A No. 4:11-3263-DCN-TER** |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Michael McCall, *Warden*, | ) | |
| Respondent. | ) | |

Petitioner, Timothy Darrell Davis (Petitioner), is currently incarcerated at Perry Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 1, 2011. On December 19, 2011, Petitioner filed a motion to amend his federal habeas petition. As no responsive pleading had been filed at the time of the filing of the motion, the motion was deemed moot as Petitioner had a right to amend his petition. (Doc.#34). In the motion to amend, Petitioner stated that he wanted to file an amended petition to "withdraw Ground Five" which was not exhausted as to avoid a "mixed petition."[2] Petitioner was given twenty (20) days to file his completed amended petition. The Court received his amended petition on April

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2] Petitioner was warned that by invoking this procedure, he risks forfeiting consideration of his unexhausted claims in federal court. See 28 U.S.C. § 2254, Rule 9(b). (Doc. #34).

5, 2012. In the amended petition, it appears Petitioner deleted Ground Five from the original petition and the amended petition was filed as document #45.

On April 16, 2012, Petitioner filed a motion to stay his petition "until his currently pending PCR claims, in process at Greenville County Court of Common Pleas, become fully heard. . . and prays this Court also consider allowance to later add the PCR matter [ground five in the original petition] back to the original habeas action by operation of amendment." (Doc. #52).

Respondent filed a response to the motion to stay the petition asserting that, in the original ground five, Petitioner alleged that he was "denied due process and equal protection of law" because he "was tried without valid indictment because indictment upon which he was tried, was void as a nullity because it was obtained unlawfully . . ." (Respondent's memorandum, p. 10). Respondent argues that this appears to be the same allegation he raised in his 2011 PCR application and Rule 60(b) which is subject to summary dismissal because it is barred as successive like his 2010 PCR application. (Id.). Additionally, Respondent contends Petitioner has not met the good cause requirement under Rhines v. Weber, 544 U.S. 269 (2005), because Petitioner's previous "Ground five" alleges a violation only of state court procedure which is not a cognizable federal habeas claim and is a matter of South Carolina law.

In Rhines v. Weber, supra, the Supreme Court approved a "stay and abeyance" procedure that district courts can use when presented with "mixed" petitions; that is, petitions containing exhausted and unexhausted claims. Id. at 275. Under this procedure, rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. Id. Once all of the claims have been exhausted, the district court can lift the stay and adjudicate the petition. Id. The Court recognized, however, that applying the "stay and

2

abeyance" procedure could undermine Congress' design in the AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process. Id. at 277. To obtain a stay of a mixed petition, the petitioner must show "good cause" for failing to exhaust his state remedies, that his unexhausted claims are potentially meritorious, and that he has not engaged in dilatory tactics. Rhines, 544 U.S. at 278.

To the extent Petitioner now seeks to stay consideration of this petition until the state courts rule on his current PCR application, the motion should be denied. First, Petitioner amended his petition to delete the unexhausted claim so that it would not be a "mixed petition." (Doc. # 52). Second, even if Petitioner had not amended his petition to withdraw the unexhausted claim, Petitioner does not meet the "good cause" requirement of Rhines. Petitioner is asking that the court stay this case while his third PCR is pending in state court. Accordingly, it is recommended that Petitioner's motion to stay his habeas corpus petition while his "currently pending PCR claims, in process at Greenville County Court of Common Pleas, become fully heard and/or adjudicated to the State's highest court, the S.C.. Supreme Court...and consider allowance to later add the PCR matter back to the original habeas action. . ." (Doc. # 52) be DENIED.

As Petitioner filed an amended petition, Respondent was given twenty (20) days from the date of the order of April 9, 2012, to file any supplement to the motion for summary judgment and return and memorandum. Respondent filed an amended motion for summary judgment and return and memorandum in support on April 30, 2012. The undersigned issued an order filed May 2, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #). Petitioner filed a motion for extension of time to file his response to the motion for

summary judgment. This motion was granted and Petitioner was given until June 22, 2012, to file his response or his case may be dismissed pursuant to Rule 41b of the Federal Rules of Civil Procedure. Petitioner failed to file a response.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. Petitioner has not filed a response and has not filed any further documents with this court. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## CONCLUSION

As set out above, it is recommended that Petitioner's motion to stay (doc.#52) be DENIED. Further, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

June 26, 2012  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice**.