IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy Darrell Davis, | ) | Civil Action No.: 4:11-3263-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael McCall, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On December 1, 2011, Petitioner Timothy Darrell Davis ("Petitioner"), an inmate of

the South Carolina Department of Corrections, filed a pro se Petition for Writ of Habeas

Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No.1.) Petitioner filed an Amended

Petition on April 5, 2012. (ECF No. 45.) Respondent filed a Return and a Motion for

Summary Judgment on April 30, 2012. (ECF Nos. 54 & 55.) A *Roseboro* Order done in

accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was entered on May

2, 2012, and provided Petitioner with an explanation of dismissal/summary judgment

procedures. (ECF No. 56.) Petitioner filed his response in opposition to the Motion for

Summary Judgment on July 2, 2012. (ECF No. 68.)

The case was referred to United States Magistrate Judge Thomas E. Rogers, III, for

pretrial handling and a Report and Recommendation pursuant to the provisions of 28

U.S.C. § 636(b) and Local Rule 73.02 (B)(2)(c) for the District of South Carolina. The

Magistrate Judge issued a Report and Recommendation ("Report") on June 27, 2012,

recommending that Petitioner's Motion to Stay (ECF No. 52) be denied and that the Petition

be dismissed for failure to prosecute. (ECF No. 66.) This Court issued an order on the

Report and Recommendation on November 26, 2012, whereby it denied Petitioner's Motion

to Stay and remanded this matter to the Magistrate Judge for a consideration of Petitioner's opposition to Respondent's Motion for Summary Judgment and further consideration on the merits.  (ECF No. 80.)  The Magistrate Judge issued a Report on February 1, 2013, recommending that Petitioner's Motion to Amend Petition (ECF No. 79) be denied and that Respondent's Motion for Summary Judgment (ECF No. 55) be denied in part and granted in part.  (ECF No. 85.)  For the reasons set forth herein, this Court adopts the Report and Recommendation to the extent it is consistent with this Order.

## BACKGROUND AND PROCEDURAL HISTORY

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.  Petitioner is presently confined in the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC").  Petitioner was indicted by the Greenville County Grand Jury in April 2002 for murder.  (2002-GS-23-2623).  (ECF No. 40-4 at 74-75.)  He was represented by C. Timothy Sullivan, Esquire ("Trial Counsel") on these charges.  (ECF No. 54-1 at 3.) He was found guilty of murder after a jury trial held before the Honorable C. Victor Pyle on March 4-5, 2005.   (ECF No. 54-3 at 69.)   Judge Pyle sentenced Petitioner to life imprisonment.  (ECF No. 54-3 at 71.)  Petitioner timely served and filed a notice of appeal. (ECF No. 29-3.)   Assistant Appellate Defender Robert M. Dudek represented him on appeal.  (ECF No. 29-3.)  On September 10, 2004, Petitioner filed his Final Brief of Appellant, and   raised the issue of whether the judge erred in refusing to clarify his instructions on voluntary manslaughter as it related to sufficient legal provocation.  (ECF No. 29-1.)  The State filed a Final Brief of Respondent on September 9, 2004.  (ECF No. 29-2.)

On March 4, 2005, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished Opinion. *State v. Davis*, 2005-UP-152 (S.C. Ct. App., Mar. 4, 2005). (ECF No. 29-3.) Petitioner filed a petition for rehearing on May 20, 2005, which was denied. (ECF No. 29-4.) Petitioner also filed a Petition for Writ of Certiorari in the South Carolina Supreme Court on September 21, 2005, concerning the manslaughter jury instruction. (ECF No. 29-5.) The Respondent made a Return to the Petition for Writ of Certiorari to the Court of Appeals on October 17, 2005. (ECF No. 29-6.) The South Carolina Supreme Court filed an order denying certiorari on November 1, 2006. (ECF No. 29-7.) The South Carolina Court of Appeals sent the Remittitur to the Greenville County Clerk of Court on November 2, 2006. (ECF No. 29-8.)

Petitioner filed a pro se Post-Conviction Relief ("PCR") Application (07-CP-23-6216) on September 21, 2007. (ECF No. 54-3 at 74-83.) He alleged the following grounds for relief in his Application: 1) Ineffective assistance of trial counsel; 2) Prosecutorial and law enforcement misconduct; 3) Ineffective assistance of appellate counsel; and 4) United States and South Carolina constitutional rights violations. (ECF No. 54-3 at 81.) The State filed its Return on December 14, 2007. (ECF No. 54-3 at 85-90.)

The Honorable Edward Miller held an evidentiary hearing on December 11, 2008. (ECF No. 54-3 at 91.) Petitioner was present at the hearing and Elizabeth P. Wiygul, Esquire, initially represented him. (ECF No. 54-3 at 91.) Petitioner, however, filed a motion to relieve Ms. Wiygul as appointed counsel at the outset of the hearing. (ECF No. 54-3 at 93.) At Petitioner's request, Judge Miller relieved Ms. Wiygul as counsel and Petitioner proceeded pro se. (ECF No. 54-3 at 99.) Petitioner testified on his own behalf and also presented the testimony of trial counsel Mr. Sullivan and prosecutor, Howard Steinberg,

-3-

Esquire.

On January 27, 2009, Judge Miller filed an Order of Dismissal, in which he denied relief and dismissed the PCR Application with prejudice. (ECF No. 54-4 at 49-58.) The Order of Dismissal addressed Petitioner's claims that his trial counsel was ineffective because counsel: 1) failed to adequately investigate and prepare for trial; 2) failed to adequately meet and confer with Petitioner prior to trial; 3) failed to subpoena several witnesses; 4) failed to request a preliminary hearing; 5) failed to investigate whether Petitioner's separation from his wife would have prevented him from seeing his children; (6) failed to allow Petitioner to testify; (7) failed to object during the State's closing argument; (8) failed to object to the jury charge on voluntary manslaughter; and (9) failed to object to the jury charge on self-defense. (ECF No. 54-4 at 51-56.) Petitioner filed a Motion to Alter or Amend Judgment pursuant to South Carolina Rule of Civil Procedure 59(e) on February 19, 2009. (ECF No. 54-4 at 59-69.) The State filed a Return to his motion on March 10, 2009. (ECF No. 54-4 at 71-72.) Judge Miller denied Petitioner's motion in an Order filed on March 11, 2009. (ECF No. 54-4 at 73.)

Petitioner filed a notice of appeal. On December 7, 2009, Appellate Defender Robert M. Pachak of the South Carolina Office of Appellate Defense filed a *Johnson* Petition for Writ of Certiorari on Petitioner's behalf seeking certiorari from the PCR Order of Dismissal. (ECF No. 29-9.) Mr. Pachak raised the sole issue of "whether defense counsel was ineffective in his representation of petitioner" and subsequently petitioned to be relieved as counsel. (ECF No. 29-9.) Petitioner then filed his pro se "Petition for Writ of Certiorari," in which he raised nineteen claims under seven separate headings. (ECF No. 29-10 at 2.) The South Carolina Supreme Court filed an Order denying certiorari and

granting counsel's petition to be relieved on October 20, 2011.  (ECF No. 29-12.)  It sent the Remittitur to the Greenville County Clerk of Court on November 8, 2011. (ECF No. 29-13.)

Petitioner filed a second (successive) PCR Application (10-CP-23-8436) on October 13, 2010, in which he raised the following allegation:"Substantial change in law and rights regarding conflicting jury instructions in violation of State and Federal Constitutions."  (ECF No. 29-14 at 3.)   A conditional order of dismissal was signed February 22, 2011 by the Honorable Robin B. Stilwell upon receipt of the State's Return requesting the application be summarily dismissed as untimely and successive.  (ECF No. 29-15.)   Judge Stilwell dismissed the Application in a Final Order of Dismissal filed on April 29, 2011, finding that Petitioner had not demonstrated a sufficient reason as to why the Conditional Order of Dismissal should not become final.  (ECF No. 29-17.)  Petitioner filed a Motion to Alter or Amend Judgment on May 19, 2011.  (ECF No. 29-18.)   The State made its Return to Petitioner's motion on May 24, 2011 (ECF No. 29-19), and the Honorable D. Garrison Hill denied the motion on May 25, 2011 (ECF No. 29-20).

Petitioner thereafter served and filed a notice of appeal of the orders of Judge Stilwell and Judge Hill.  (ECF No. 29-21.)  The South Carolina Supreme Court filed an Order of Dismissal on July 20, 2011.  (ECF No. 29-24.)  The Supreme Court found that Petitioner failed to show that there was an arguable basis for asserting that the determination of the lower court was improper in light of his successive PCR application. (ECF No. 29-24.)  It sent the Remittitur to the Greenville County Clerk of Court on August 4, 2011.  (ECF No. 29-25.)

On September 14, 2011, Petitioner filed a third PCR Application (11-CP-23-06133),

in which he raised the following claims: 1) "Newly discovered evidence pursuant to SC Code § 17-27-45(c)"; 2) "Fraud upon the Court and sham Legal Process"; and 3) "Prosecutorial Misconduct."  (ECF No. 29-27.)  He also filed a Motion to Set Aside Judgment on November 17, 2011.  (ECF No.  29-28.)  The State made its Return and Motion to Dismiss on March 12, 2012, requesting that the PCR Application be summarily dismissed because it was untimely under the statute of limitations governing PCR Applications, S.C. Code Ann. § 17-27-45(A) (Supp. 2012), and because it violated the presumption against successive PCR applications.  (ECF No. 82-4.)  The PCR court entered a Conditional Order of Dismissal on March 30, 2012, dismissing the Application as outside the statute of limitations and as successive, but giving Petitioner twenty days to show why the dismissal should not become final. (ECF No. 82-6.)  The PCR court entered a Final Order of Dismissal on June 25, 2012. (ECF No. 82-7.)

Petitioner timely served and filed a notice of appeal.  (ECF No. 82-8.)  The South Carolina Supreme Court filed an Order dismissing the appeal on September 14, 2012. (ECF No. 82-9.)  The Court denied Petitioner's request for rehearing on October 18, 2012. (ECF No. 82-11.)  It also sent the Remittitur to the Greenville County Clerk of Court on October 18, 2012.  (ECF No. 82-12.)

Petitioner filed the instant amended pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 raising the following grounds for relief: 1) trial court denied Petitioner due process and equal protection of the law and right to bear arms; 2) Petitioner was denied assistance of counsel in violation of the U.S. Constitution; 3) Prosecuting agent rendered Petitioner's trial fundamentally unfair in violation of his rights to due process of law; 4) Petitioner was denied due process and equal protection of law regarding the second

post-conviction relief proceeding; and 5) Petitioner denied due process of law during his first post-conviction proceeding. (ECF No. 45.)  The Magistrate Judge considered these grounds in conjunction with the applicable law and the undisputed facts.  On February 1, 2013, the Magistrate Judge issued a Report and Recommendation (ECF No. 85) recommending that Petitioner's subsequent Motion to Amend (ECF No. 79) be denied and that Respondent's Motion for Summary Judgment (ECF No. 55) be denied in part and granted in part.  (ECF No. 85 at 38.)

Specifically, the Magistrate Judge recommends that summary judgment be denied as to Petitioner's claim for ineffective assistance of counsel due to trial counsel's failure to make objections (ECF No. 85 at 10) and that Respondent be given twenty days from the date of *this* Order (ruling on the Report and Recommendation by the District Judge) to address the issue in accordance with the Report and Recommendation.  (ECF No. 85 at 38.)  The Magistrate Judge recommends that summary judgment be granted in favor of Respondents as to all other grounds.  The Magistrate Judge also recommends that Petitioner's Motion to Amend be denied as futile because summary judgment would be appropriate on the proposed ground for relief which concerns Petitioner's purported denial of due process and equal protection of the law regarding the state indictment process. (ECF No. 85 at 16.)  The Magistrate Judge noted that allowing Petitioner to amend his Petition to add this additional ground would be procedurally barred because Petitioner has failed to demonstrate cause and prejudice. (ECF No. 85 at 16.)

The Magistrate Judge engaged in a detailed analysis of the grounds for relief in the amended Petition.  In Ground One of his Petition, Petitioner asserts that the trial court denied him due process, equal protection of law, and the right to bear arms.  In response,

Respondent maintains that this ground is procedurally barred due to Petitioner's failure to raise it on direct appeal.  The Magistrate Judge fully discussed the exhaustion doctrine and concluded that Petitioner did not present the issue in his direct appeal.  Accordingly, the Magistrate Judge found that Ground One is procedurally barred from federal habeas review because Petitioner was unable to show cause for the default and prejudice.  The Magistrate Judge also addressed Petitioner's six "ineffective assistance of counsel" claims in light of the Supreme Court's directives as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) comprising Ground Two of the Petition.  The Magistrate Judge next concluded that Ground Three of the Petition, related to alleged misconduct by the solicitor, is procedurally barred from federal habeas review.  Finally, the Magistrate Judge recommends dismissal as to Grounds Four and Five of the Petition because they concern alleged errors in the PCR action which are not cognizable in a federal habeas action.  (ECF No. 85 at 38.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## PRO SE PETITIONS

Pro se complaints and petitions should be construed liberally by this Court.  Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), cert. denied, 439 U.S. 970 (1978).  A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court.  *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 390-91 (4th Cir.1990).

## PETITIONER'S OBJECTIONS

Petitioner filed written objections to the Magistrate Judge's Report and Recommendation and the Court has considered them fully.  (ECF No. 99.)

### 1.  **Motion to Amend Petition**

As an initial matter, Petitioner objects to the Magistrate Judge's recommendation that Petitioner's motion to amend be denied as futile.  Petitioner argues that the State did not properly rely on an "independent and adequate state law ground" and claims that the PCR court's ruling was an unreasonable determination of the facts in light of the state court proceedings as set forth in 28 U.S.C. 2254(d)(2).  (ECF No. 99 at 1.)  He further agues that "South Carolina state attorneys and its courts are misrepresenting the PCR statutory provisions of law for the very purpose of deception and creating the false appearance of procedural bars."  (ECF No. 99 at 2.)  Petitioner argues that the State has a created and

relies on a mechanism intended to deprive Petitioner from invoking and utilizing all available state remedies.  (ECF No. 99 at 2.)  Thus, Petitioner argues that he can invoke provisions of 28 U.S.C. 2254 (b)(1)(B)(ii) due to alleged ineffective process.  (ECF No. 99 at 2.)  Petitioner argues that he is therefore entitled to review of his claims in the District Court.  (ECF No. 99 at 2.)  Other than his unsupported theory about the misdeeds of the South Carolina state courts and attorneys, Petitioner has set forth no grounds for such entitlement as it relates to his pending Motion to Amend.

This Court evaluates Petitioner's habeas petition in accordance with the standards set forth by Congress at 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214. *See Evans v. Smith*, 220 F.3d 306, 311-312 (4th Cir. 2000).  Pursuant to those standards, the Court will grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where the adjudication "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1), or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* at 312.  "A state court decision is contrary to clearly established federal law if the state court 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law' or 'decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Id.* at 312 (citing *Williams v. Taylor*, 529 U.S. 362 (2000)).  "A state court decision unreasonably applies clearly established federal law if the state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to

the facts of the prisoner's case.'" *Id.* The federal court accords state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence. *Id.* at 312; *see* 28 U.S.C. § 2254(e)(1).

The Magistrate Judge concluded that allowing Petitioner leave to amend to add a sixth ground for relief would be futile because it was procedurally barred when the state court relied on independent and adequate state procedural bars in dismissing the 2011 PCR action and Petitioner's Third PCR action. (ECF No. 85 at 16-17.) Upon review, Petitioner has failed to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination of this issue given the evidence and record before it. *Evans*, 220 F.3d at 312; *see also Bell v. Jarvis*, 236 F.3d 149, 157–158 (4th Cir.2000); 28 U.S.C. § 2254(e)(1) (determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). Therefore, Petitioner has not overcome the deferential standard of review accorded the state PCR court's determination of this issue.

As a second point concerning Petitioner's Motion to Amend, Petitioner argues that his third PCR application was filed as a result of newly discovered evidence regarding the state's unlawful indictment process. He argues that this application was not untimely and therefore claims that he did not deprive the state court of the opportunity to address the matter. (ECF No. 99 at 3.) Petitioner claims that it was only after the PCR proceedings neared completion that he began to investigate matters regarding the criminal proceedings leading to his conviction, thereby finding new evidence regarding the State indictment process and new case precedent. (ECF No. 99 at 3-4.) Petitioner argues that the issues could not have been raised in his initial review proceeding because he had not yet

discovered them.  (ECF No. 99 at 3-4.)  As the Magistrate Judge noted, the PCR court dismissed the Petition as successive because it was untimely.  (ECF No. 85 at 16.) "Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir.2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  A state rule is adequate if it is "'firmly established,'" and regularly and consistently applied by the state court.  *Lawrence v. Branker*, 517 F.3d 700 (4th Cir. 2008) (citing *James v. Kentucky*, 466 U.S. 341, 348 (1984) and *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)).

On the record here, Petitioner has failed to demonstrate that there would be a fundamental miscarriage of justice if this Court refused to consider his claim.  He has not demonstrated cause or actual prejudice.  Thus, this Court agrees with the Magistrate Judge's conclusion that allowing Petitioner to amend his Petition to add the proposed Ground Six (Petitioner denied due process and equal protection of law regarding state indictment process) would be futile.  The Amendment would be futile for the reasons set forth in the Magistrate Judge's Report and Recommendation.  (ECF No. 85 at 16-17.)

### 2. **Objections to the Magistrate Judge's Analysis**

Petitioner also sets forth a set of objections pertaining to the Magistrate Judge's Report and Recommendation.  Petitioner states his overall objection to the Magistrate Judge's analysis and then purports to make specific objections to that analysis and discussion on each of the grounds of his Petition.  (ECF No. 99 at 5.)  As an initial matter,

-12-

even though phrased as a specific objection, Petitioner in fact makes several objections which do not direct this Court to any specific portion of the Magistrate Judge's report and is ultimately insufficient to challenge a Magistrate Judge's findings. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005)(finding that a "specific written objection" is required to invoke *de novo* review by the district court); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. 2011); *Clark v. Sumter Co.*, No. 9:07-cv-0791, 2008 WL 350480, *1 (D.S.C. 2008). Yet, this Court addresses each of Petitioner's objections concerning the analysis and proposed resolution on each of the grounds of the Petition below.

            a.      Ground One

      In Ground One, Petitioner claims that the trial court denied him due process and equal protection of the law, and right to bear arms due to alleged errors concerning jury instructions. (ECF No. 45-6.) The Magistrate Judge found that Ground One is procedurally barred from federal habeas review because Petitioner was unable to show cause for the default and prejudice in that he challenged the jury instruction and the trial judge's treatment of same on appeal but failed to fairly present the claim in the state court. (ECF No. 85 at 18.) In response, Petitioner "regrettably agrees, in part, with the Magistrate's Report" but also argues that there were "sufficient statements presented in appellate counsel's brief to demonstrate how the jury instructions deprived Petitioner a 'fair trial.'" (ECF No. 99 at 5.) Petitioner alleges that his appellate counsel's performance was deficient and serves as "cause" for the default. (ECF No. 99 at 5-6.) Petitioner further claims that "prejudice" is shown because the confusing jury instructions were allegedly

responsible for his conviction. (ECF No. 99 at 7-8.)  He argues that both trial and appellate counsel failed in their advocacy.  (ECF No. 99 at 7.)  It appears then, that Petitioner seeks to argue "cause" for his procedural default by asserting that his PCR appellate counsel was ineffective in failing to pursue or properly preserve certain claims.

The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . .  Ineffective assistance of counsel, then, is cause for procedural default."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Noble v. Barnett*, 24 F.3d 582, 586, n. 4 (4th Cir.1994) ("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context").  While ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an "independent constitutional violation."  *Coleman v. Thompson*, 501 U.S. 722, 755 (1991).  Ineffective assistance of PCR appellate counsel does not amount to an independent constitutional violation, and is not therefore "cause" for a procedural default.  *See Barbaris v. Taylor,* No. *4:12–229*, 2012 WL 6186499 (D.S.C. 2012)(citing *Martinez v. Ryan*, ––– U.S. ––––, 132 S.Ct. 1309, 1320, 182 L.Ed.2d 272 (2012))[1].  There being no established "cause," this Court need not consider whether the Petitioner was "prejudiced."  *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir.1995)

_____

[1]The Supreme Court has recently recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial." *Martinez v. Ryan*, ––– U.S. ––––, ––––, 132 S.Ct. 1309, 1315, 182 L.Ed.2d 272 (2012).  The *Martinez* Court, however, did not extend the potential for demonstrating cause to "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings."  *Id.* at 1320.  Accordingly, Petitioner's claim that his PCR appellate counsel was ineffective cannot establish the requisite cause required to excuse his default.

-14-

("We are mindful . . . that in *Engle* [*v. Isaac*, 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) ], after finding that there was no cause for the default, the Supreme Court ended its inquiry, noting that because 'we conclude[d] that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.'"). Accordingly, Petitioner's attempt to overcome procedural default in this manner fails.

b.    Ground Two

Petitioner raises several issues as part of Ground Two of the Petition related to his claim that he was denied effective assistance of counsel in violation of the United States Constitution. (ECF No. 45 at 7.) As to issue one ("failing to fully investigate, advocate, and use reasonable strategy"), the Magistrate Judge found that the PCR court's findings on the issue were not contrary to, or an unreasonable application of, clearly established Federal law. (ECF No. 85 at 25.) Thus, the Magistrate Judge found Petitioner's contentions on the issue lack merit and this Court agrees. While Petitioner elaborates on points raised in his opposition papers as part of his objections (ECF No. 99 at 9-12), he does not mention any points of error in the Magistrate Judge's analysis on this issue. Thus, Petitioner's objections are insufficient to raise any question about the Magistrate Judge's Recommendation on this point and provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition.

The Magistrate Judge also considered Petitioner's argument that trial counsel was ineffective for failing to make certain objections. (ECF No. 85 at 25-27.) Specifically, Petitioner argues that trial counsel was ineffective for failing to object: 1) when the Assistant Solicitor attempted to "coach or influence" jurors regarding reliability of the testimony from child witnesses; 2) to correct false testimony during cross-examination where the Assistant

Solicitor alluded to non-existent custody/separation orders and; 3) to irrelevant, prejudicial, and speculative evidence and testimony.

After reviewing the PCR application, hearing transcript, and the PCR judge's order of dismissal, the Magistrate Judge concluded that none of the issues raised by the Petitioner in response to the Respondent's Motion for Summary Judgment were addressed by the PCR court in its Order of Dismissal.  (ECF No. 85 at 26.)  In his Amended Return and Memorandum, Respondent argues that even though the PCR court did not address the objections at issue (raised by Petitioner in the PCR Court) here on habeas review, *Harrington v. Richter*, — U.S. —,131 S.Ct. 770, 784 (2011) "makes it clear that a state court need not rely upon, nor need it even cite, Supreme Court precedent in order to avoid resolving a petitioner's claims in a way that is 'contrary to' or involves an 'unreasonable application of' clearly established federal law."  (ECF No. 54 at 57.)  The Magistrate Judge opined that *Richter* does not appear to be applicable where the PCR court clearly addressed the merits of some of the issues raised at PCR but not others.  (ECF No. 85 at 27.)  Thus, the Magistrate Judge indicated that this appears to be a situation where Petitioner has failed to obtain a ruling from the state courts on the issues raised here.  (ECF No. 85 at 27.)  The Magistrate recommended that the Respondent be given twenty days from the date of this Order, ruling on the Report and Recommendation, to file a subsequent motion for summary judgment addressing this issue.  (ECF No. 85 at 27.)

In his objections, Petitioner addresses the Magistrate Judge's consideration of his concerns about trial counsel's alleged failure to object and appears to take some issue with the Magistrate Judge's assessment of the record.  (ECF No. 99 at 12.)  The Petitioner references portions of the PCR hearing transcript that he contends "reflects an abundance

-16-

of colloquy regarding Assistant Solicitor's false allusions to non-existent custody/separation orders." (ECF No. 99 at 12.) Even considering these referenced portions of the record transcript, the Court finds no error in the Magistrate Judge's statement that there "was no discussion during the hearing regarding . . . a failure to object during cross-examination when the Assistant Solicitor alluded to custody/separation orders." (ECF No. 85 at 26.) Even if, as Petitioner suggests, there is discussion in the record about the Assistant Solicitor's statements, this does not offer proof of a discussion about objections during cross-examination concerning the references to custody/separation orders. In any event, Petitioner's objection on this point does not speak to any specific errors in the Magistrate Judge's legal analysis and ultimate conclusion. Petitioner appears to otherwise agree with the Magistrate Judge's analysis concerning Ground Two, Issue Two. (ECF No. 99 at 13.) In accordance with the Magistrate Judge's recommendation, this Court denies Defendant's Motion for Summary Judgment as to Ground Two, Issue Two. Therefore, any remaining objections and disagreement with the Magistrate Judge's characterization of the facts of this case are moot. To the extent there are other matters Petitioner desires to address concerning this narrow issue, they would be more properly directed to any renewed Motion for Summary Judgment brought forth by Respondent related to Ground Two, Issue Two, only.

Petitioner's third issue concerns trial counsel's allegedly deficient performance related to researching areas of the law in an effort to create a "self-defense" defense. (ECF No. 99 at 14-16.) Petitioner seeks to create a novel legal issue where there is none but otherwise, seemingly concedes the correctness of the Magistrate Judge's analysis on this point. (ECF No. 99 at 14-16.) Again, the Magistrate Judge addressed this issue and the

PCR Court's findings carefully and the Court finds no error in the analysis. Petitioner continues to try to assert a strained right of self-defense based on defense of marital property that has no support in the law based on the undisputed facts of this case. In fact, Petitioner has cited no case law in support of this purported defense and to support his claim that trial counsel failed to conduct proper research. Petitioner has failed to show any grounds for ineffective performance by his counsel on this point in light of *Strickland*.

Petitioner's fourth issue is directed to trial counsel's failure to object to certain jury charges. (ECF No. 99 at 17-20.) The Magistrate Judge addressed the issue fully and the Court has summarized his analysis above. The Court finds no error and upon review of Petitioner's objections on this issue, the Court concludes that Petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. The Magistrate Judge fully considered Petitioner's claim that trial counsel failed to properly object to the voluntary manslaughter charge and its inclusion of adultery as provocation. (ECF No. 85 at 28.) The Magistrate Judge found no error in the state court's conclusions regarding the charge given by the trial judge in light of the applicable federal law. (ECF No. 85 at 28-32.)   He also found that the issue of trial counsel's failure to object to conflicting jury instructions was procedurally defaulted and that Petitioner has not asserted cause or prejudice concerning the default.   (ECF No. 85 at 32.)   Petitioner's objections to the Magistrate Judge's analysis on this sub-point are beside the point and fail to establish that the Report and Recommendation errs in any respect. To the extent Petitioner seeks to argue that raising this issue for the first time by presentation to the South Carolina Supreme

Court in a *Johnson*[2] Petition for Writ of Certiorari (ECF No. 99 at 17-18) allows him to

otherwise avoid a state court procedural bar, it is clear that this claim is also subject to

dismissal on the merits as he has not satisfied the prongs of *Strickland.*[3]  It is clear that in

South Carolina, a petitioner's failure to pursue claims at the PCR level, constitutes an

_____

[2]     In *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (S.C.1988), the South
Carolina Supreme Court adopted a procedure for appeal where appellate
counsel concludes that the PCR applicant has no meritorious grounds to
present. Counsel is required to file a *Johnson* petition raising any issue
which is arguably appealable and requesting leave to withdraw as attorney
for the petitioner on appeal.  A copy of the brief is furnished to the
petitioner and he is notified that he has a specific period of time to furnish
further information to the Supreme Court for consideration in making a
determination as to the *Johnson* petition.  Further, the petitioner may file a
pro se brief raising additional issues.  *Foster v. State*, 298 S.C. 306, 379
S.E.2d 907 (S.C.1989).

*Smart v. Reynolds*, No. 8:08-cv-03918, 2009 WL 480555, *15 (D.S.C. 2009).

In ruling on a *Johnson* petition for writ of certiorari, the South Carolina
Supreme Court necessarily considers the issue or issues raised in the
Johnson petition and any issues raised by the applicant in his pro se brief.
Further, the South Carolina Supreme Court conducts a review of the
record when a *Johnson* petition is filed. *King v. State*, 308 S.C. 348, 417
S.E.2d 868 (1992).  In so doing, the South Carolina Supreme Court will
only consider those issues raised by the PCR application upon which
evidence was presented and were ruled on by the PCR court.  The South
Carolina Supreme Court applies a procedural bar to issues which do not
meet this criteria.

*Ehrhardt v. Cartledge*, No. 3:08-2266, 2009 WL 2366095, *9 (D.S.C. 2009).

[3]To successfully challenge a conviction or sentence on the basis of ineffective
assistance of counsel, Petitioner must show that the counsel's 'representation fell below
an objective standard of reasonableness," and that he was prejudiced by his counsel's
deficient performance.  *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).
There is "a strong presumption that counsel's conduct falls within the wide range of
reasonable professional assistance."  *Id.*  Petitioner must demonstrate a "reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding
would have been different" and he has not done so here. *See id.* at 694.

abandonment of the claims and will result in a procedural bar at the state court level.  *See Plyler v. State*, 309 S.C. 408, 424 S.E.2d 477 (1992) (finding an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court procedurally barred); *see also Marlar v. State*, 375 S.C. 407, 653 S.E.2d 266 (2007)("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . .").[4] Recognizing the state court's bar, Petitioner is precluded from asserting the arguments here.  *See Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

The Court has also considered Petitioner's objections concerning the Magistrate Judge's analysis on the "failure to request specific self-defense" instructions issue.  (ECF No. 99 at 18.)  The Court finds no error in the Magistrate Judge's thorough analysis here. Further, the Court is not persuaded otherwise by Petitioner's argument that counsel's performance at trial fell below the standards set forth in *Strickland*.  Petitioner has not demonstrated a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *See Strickland,* 466 U.S. at 694. Thus, Petitioner's claim that he was denied a fair trial and was forced into "pro se appointment" have no merit. (ECF No. 99 at 21.)

Petitioner's only objection to the Magistrate Judge's findings on issues five and six of Ground Two of his Petition is that the Magistrate Judge disregarded the fact that he presented these issues to the South Carolina Supreme Court despite his failure to present

---

[4] After the Supreme Court's November 5, 2007, decision in *Marlar v. State*, South Carolina courts began regularly enforcing the rule that failure to file a motion pursuant to Rule 59(e), South Carolina Rules of Civil Procedure, constitutes a procedural bar.  *See Bostick v. Stevenson,* 589 F.3d 160, 165 (4th Cir. 2009).

them at the PCR proceeding.  (ECF No. 99 at 20.)  For the reasons set forth above, this objection has no merit.  Further, Petitioner cannot meet the standards of *Strickland* for ineffective assistance of counsel due to failure to object to "prosecutorial misconduct" and "causing cumulative error which deprived petitioner of a fair trial whose outcome was unreliable." (ECF No. 45 at 8.)  Having reviewed the record, the Court does not find any statements of the Solicitor that constitute improper statements to jurors, improper coaching, improper vouching or otherwise deprived him of a fundamentally fair trial in light of the applicable case law.  *See Donnelly v. DeChristoforo*, 416 U.S. 637 (1974); *United States v. Sanchez*, 118 F.3d 192, 198 (4th Cir.1997); *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).  Since Petitioner cannot show how any comments deprived him of a fundamentally fair trial, he also cannot establish either prong for relief based upon trial counsel's failure to object under *Strickland*.  In light of the above discussion on the grounds raised related to ineffective assistance of counsel, there is no basis for finding cumulative error.

> c.     Ground Three

Petitioner objects to the Magistrate Judge's finding that Ground Three is procedurally barred from habeas review and claims that the issues raised were presented to the State's highest court in his pro se brief for Writ of Certiorari.  (ECF No. 99 at 20.)  This Ground focuses primarily on the alleged misconduct of the Solicitor.  Specifically, Petitioner asserts that the Solicitor committed misconduct by: (1) vouching for/bolstering testimony of various witnesses; (2) eliciting and presenting false and misleading testimony and evidence; (3) failing to correct false, misleading testimonial evidence; (4) interjecting his personal opinions into the closing statement without evidentiary support; and (5) denigrating Petitioner's defensive claims as false/dishonest.  (ECF No. 45 at 9.)  The Magistrate Judge

concluded that this ground is procedurally barred from federal habeas review due to Petitioner's failure to properly raise it in his PCR application pursuant to the law set forth in *Arnold v. State*, 309 S.C. 157, 172 (1992). (ECF No. 85 at 36.) The Magistrate Judge also concluded that Petitioner has not shown cause or prejudice for the default. (ECF No. 85 at 37.) The Court agrees and having reviewed the trial transcript in this matter and for the reasons set forth above concerning alleged solicitor misconduct, the Court find no basis for Petitioner's claims which are also subject to dismissal on the merits.

    d.    Ground Four

In Ground Four, Petitioner asserts that he was denied due process and equal protection of law regarding second post-conviction relief proceedings. (ECF No. 45 at 10.) The Magistrate Judge concluded that dismissal is appropriate as to this ground because it pertains to alleged errors in the state PCR proceedings which are not cognizable in a federal habeas action. (ECF No. 85 at 37.) Petitioner suggests that he raised this as a ground for relief in this Court to explain that he had complied with all state procedural requirements. Thus, he argues that he need not demonstrate cause or prejudice for default in seeking federal habeas review. (ECF No. 99 at 21.) Petitioner argues that the PCR and South Carolina Supreme Court made an "erroneous conclusion" that his PCR was successive. (ECF No. 45 at 10.) As the Magistrate Judge opined, Petitioner is simply alleging that an error occurred in the state PCR proceedings. (ECF No. 85 at 37-38.) Such a claim, regardless of the reason for which it is asserted, is not cognizable in a federal habeas action. *See Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir.1998); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir.1988). "Under federal habeas law, we are not at liberty to question a state court's application of a state procedural rule because a state

-22-

court's finding of procedural default is not reviewable if the finding is based upon an adequate and independent state ground." *Williams v. French*, 146 F.3d 203, 209 (4th Cir.1998) (citing *Harris v. Reed*, 489 U.S. 255, 262 (1989)). Thus, the Court finds no error in the Magistrate Judge's recommendation on Ground Four.

e.     Ground Five

In Ground Five, Petitioner asserts that he was denied due process of law during his first post-conviction relief proceeding because he was compelled to proceed pro se and denied a continuance. (ECF No. 45 at 12.) The Magistrate Judge recommends summary judgment is appropriate here because Petitioner is complaining about alleged errors in his PCR proceedings which are not cognizable in a federal habeas action. (ECF No. 85 at 38.) In response, Petitioner claims that he never received a "full and fair hearing" during his initial-review, PCR collateral hearing and argues that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) would seem to call for federal habeas review under the circumstances. (ECF No. 99 at 22.)

To the extent Petitioner claims that *Martinez v. Ryan*, —U.S.—, 132 S.Ct. 1309 (2012) allows him to overcome his procedural default and grants him entitlement to habeas review on this point, the Court will address the issue here. On March 20, 2012, the United States Supreme Court decided the case of *Martinez v. Ryan* and considered "whether a federal habeas court may excuse a procedural default on an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Martinez*, 132 S.Ct. at 1313. Stated in other terms, the precise question at issue in *Martinez* was: "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide

cause for a procedural default in a federal habeas proceeding." *Martinez*, 132 S.Ct. at 1315. The Supreme Court addressed this issue in light of its holding under *Coleman v. Thompson*, 501 U.S. 722 (1991) which set forth a general rule that there is no constitutional right to counsel in collateral proceedings, and therefore, an attorney's errors in the proceeding do not establish cause for a procedural default. Revisiting the broad pronouncement made in *Coleman*, the *Martinez* Supreme Court declared that its opinion "qualifies Coleman by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S.Ct. at 1315 (emphasis added). In *Martinez*, the Supreme Court held that "where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S.Ct. at 1320. More to the point, "a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *See Martinez*, 132 S.Ct. at 1318. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318. Although *Martinez* does not give Petitioner a §2254 "ground for relief" to assert, "it does not stop [Petitioner] from using it to establish 'cause'" on equitable grounds. *Id.* at 1320. Thus,

-24-

*Martinez* creates a narrow equitable ruling, not a constitutional ruling, whereby a prisoner can establish cause for a procedural default.

In accordance with *Martinez*, this Court now considers whether cause existed to overcome the procedural default of Petitioner's claims of ineffective assistance of trial counsel.   As noted above, "a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *See Martinez*, 132 S.Ct. at 1318.  Without revisiting whether Petitioner's claims were "properly presented" in the state court as part of the initial-review collateral proceeding at this juncture, the Court finds that Petitioner's claims are still subject to dismissal because he cannot meet the standards of *Strickland* as fully explained above. *See generally Martinez*, 132 S.Ct. at 1313.  Since Petitioner has not satisfied the prongs of *Strickland*, *Martinez* does not aid Petitioner because the underlying ineffective assistance of counsel claim has no merit.  The Court finds no error in the Magistrate Judge's recommendation as to Ground Five of the Petition.


## **CONCLUSION**

The Court has reviewed the Magistrate Judge's Report, Petitioner's objections, and the record and has conducted a *de novo* review of the issues raised in this case.  The Court is satisfied that the Magistrate Judge rightly determined that Petitioner has no claim for relief under § 2254 in light of the applicable law on the grounds set forth above and in the Report and Recommendation.  Based on the forgoing, the Court adopts the Report and

Recommendation of the Magistrate Judge to the extent it is consistent with this Order. Petitioner's objections are overruled. Consistent with the Magistrate Judge's recommendation, summary judgment is hereby DENIED as to Ground Two, Issue Two. (ECF No. 85 at 38.)  Summary Judgment is hereby GRANTED as to all other grounds.  In accordance with the Magistrate Judge's recommendation, Respondent is hereby given twenty days from the date of *this* Order to file a subsequent motion for summary judgment as to Ground Two, Issue Two of the Petition.  This matter is remanded to the Magistrate Judge for consideration of any further motions and briefings in accordance with this Order.

### Certificate of Appealability

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . .  shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

-26-

s/ Mary G. Lewis
United States District Judge

March 25, 2013
Spartanburg, South Carolina