UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TIMOTHY DARRELL DAVIS, #291299, ) | Civil Action No.: 4:11-cv-3263-MGL-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL McCALL, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Petitioner, Timothy Darrell Davis, (Petitioner/Davis) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing pro se, filed his Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 1, 2011. He then filed an Amended Petition (ECF # 45) on April 5, 2012. Respondent filed a Motion for Summary Judgment (ECF # 55), along with a Return and supporting Memorandum. The undersigned filed a Report and Recommendation (ECF #85), recommending that Respondent's Motion for Summary Judgment be denied in part an granted in part. Specifically, the Report recommended that the summary judgment motion be denied on Ground Two Issue 2 and granted on all other grounds. The district judge adopted the Report and Recommendation and allowed Respondent twenty days to file a Supplemental Motion for Summary Judgment.

Presently before the Court is Respondent's Supplemental Motion for Summary Judgment (ECF # 104). The undersigned issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the Supplemental Motion for Summary Judgment and the possible consequences if he failed to file a response. Petitioner filed a Response (ECF # 114) in opposition

to the Supplemental Motion for Summary Judgment.

This habeas corpus action was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

## II.     REMAINING GROUND FOR RELIEF[1]

**GROUND TWO**: Petitioner denied assistance of counsel in violation of U.S. Constitution.

> **SUPPORTING FACTS**: Trial counsel's performance fell below an objective standard of reasonableness causing prejudice, which effected the outcome of petitioner's criminal proceedings by: . . . (2) failing to make objections.

## III.    STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case.

---

[1] The procedural history was set forth in detail in the previous Report and Recommendation (ECF # 85) and will not be repeated herein.

Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir.2005) (citing Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir.2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV.     PROCEDURAL BAR

### A.     Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts. Generally, pursuant to the exhaustion doctrine[2], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the issue. See 28 U.S.C. § 2254[3]; Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379

---

[2]As stated by the Supreme Court:
The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.

Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

[3]Section 2254(b) and (c) reads as follows:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears

(1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C.Code Ann. § 17–27–10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See S.C.Code Ann. § 17–27–90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court[4] through direct appeal or

---

    that
        (A) the applicant has exhausted the remedies available in the courts of the State; or
        (B) (i) there is either an absence of available State corrective process; or
           (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
   (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
   (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[4]The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review in the South Carolina Supreme Court after the petition's transfer to the South Carolina Court of Appeals. See State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 854 (S.C.2002), citing In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases, 321 S.C. 563, 471 S.E.2d 454 (S.C.1990).

through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts. See Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir.1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir.1977).

If a petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claim is procedurally bypassed and, generally, is procedurally barred from federal habeas review. Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through exhaustion or procedural bypass); however,

> ... the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)); see also Engle v. Isaac, 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

### B.     Cause and Actual Prejudice

To have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477

U.S. 478, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir.1990), cert. denied, 499 U.S. 913, 111 S.Ct. 1123, 113 L.Ed.2d 231 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.1988), cert. denied, 485 U.S. 1000, 108 S.Ct. 1459, 99 L.Ed.2d 690 (1988). Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054, 121 S.Ct. 661, 148 L.Ed.2d 563 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir.1997). Petitioner may rely on the doctrine of actual innocence to excuse default. "Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir.1996), aff'd, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). A petitioner may establish actual innocence as to his guilt, id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir.1997). Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. 152, 165–66 (1996). It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir.1995), cert. denied, 517 U.S. 1171, 116 S.Ct. 1575, 134 L.Ed.2d 673 (1996).

**V.     ANALYSIS**

In the previous Report and Recommendation, the undersigned discussed Ground Two, Issue Two:

> In his Response to the Motion for Summary Judgment, Petitioner argues that

> trial counsel was ineffective for failing to object (1) when the Assistant Solicitor attempted to "coach or influence" jurors regarding reliability of the testimony from child witnesses, (2) to correct false testimony during cross-examination where the Assistant Solicitor alluded to non-existent custody/separation orders and (3) for failing to object to irrelevant, prejudicial, and speculative evidence and testimony. Response pp. 10-11. This "failure to object" issue was generally raised in the PCR application and Petitioner questioned trial counsel about his failure to object to several different instances during the trial, see App. pp. 381-82, 383-84, 389-90, 393, 400. However, there was no discussion during the hearing regarding a failure to object to the Assistant Solicitor's coaching or influencing the jurors or to a failure to object during cross-examination when the Assistant Solicitor alluded to custody/separation orders. In its Order of Dismissal, the trial judge addressed Petitioner's allegations of trial counsel's failure to object during the state's closing argument and failure to object to certain jury instructions. App. pp. 429-430. Thus, none of the issues raised here by Petitioner were addressed by the PCR court in its Order of Dismissal.
>
> Respondent argues that even though the PCR court did not address the objections at issue here on habeas review, "Richter makes clear that a state court need not rely upon, nor need it even cite, Supreme Court precedent in order to avoid resolving a petitioner's claims in a way that is 'contrary to' or involves an 'unreasonable application of' clearly established federal law. Rather, even state court orders summarily denying relief are entitled to AEDPA deference." Amended Return and Memorandum (Document # 54) p. 57 n.29 (citing Harrington v. Richter, — U.S. —, 131 S.Ct. 770, 784 (2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a 'claim,' not a component of one, has been adjudicated."); see also Richardson v. Branker, 668 F.3d 128, 144 n.19 (4th Cir. 2012) (holding that the lower court erred in conducting a de novo review of the petitioner's Brady claim where the lower court was unclear whether the state court ruled on both aspects of the Brady claim or only one of the categories of evidence that the petitioner alleged was withheld, noting that "any doubts concerning the breadth of the [state] court's holding must be resolved in favor of the state"). However, Richter does not appear to be applicable here where the PCR court clearly addressed the merits of some of the issues raised at PCR, but not others. Rather, it appears that Petitioner has failed to obtain a ruling from the state courts on the issues raised here. Absent a ruling by the state court, there is nothing for this court to review.

Report and Recommendation (ECF # 85) pp. 25-27.

In his Supplemental Motion for Summary Judgment, Respondent asserts that, upon further

review, he agrees that the PCR court did not address the objections at issue here and they were not expressly addressed by the state supreme court because Petitioner either failed to allege the specific claim in his Application or he did not obtain a ruling on the claim from the PCR judge and did not seek a ruling when he subsequently filed a Rule 59(e) motion. App. pp. 445-446. Thus, Respondent argues, because the claims were not presented in state court, they are procedurally defaulted.

As set forth above, a prisoner in state custody "generally must exhaust state court remedies, and a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts—absent cause and prejudice or a fundamental miscarriage of justice." Longworth v. Ozmint, 377 F.3d 437, 447–48 (4th Cir.2004) (internal citation omitted); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State; or ... there is an absence of available State corrective process."). "The exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition." Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir.2001) (en banc); see also Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.1998).

To exhaust his available state court remedies, a petitioner must "fairly present[ ] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth, 377 F.3d at 448. "'The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.'" Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir.1988)).

Petitioner generally raised a "failure to object" argument in his PCR application and he

questioned trial counsel about his failure to object to several different instances during the trial, see App. pp. 381-82, 383-84, 389-90, 393, 400.  However, there was no discussion during the hearing regarding a failure to object to the Assistant Solicitor's coaching or influencing the jurors or to a failure to object during cross-examination when the Assistant Solicitor alluded to custody/separation orders.  In its Order of Dismissal, the trial judge addressed only Petitioner's allegations of trial counsel's failure to object during the state's closing argument and failure to object to certain jury instructions.  App. pp. 429-430. To fairly present a claim, a petitioner must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (citing Picard v. Connor, 404 U.S. 270, 275 (1971).  "A habeas petitioner cannot simply apprise the state court of the facts underlying a claimed constitutional violation; the petitioner must also explain how those alleged events establish a violation of his constitutional rights." Mallory, 27 F.3d at 994 (citing Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); Miranda v. Cooper, 967 F.2d 392, 397-98 (10th Cir.1992); Wise v. Warden, Maryland Penitentiary, 839 F.2d 1030, 1033 (4th Cir.1988); Toney v. Franzen, 687 F.2d 1016, 1021 (7th Cir.1982)).

Petitioner argues that the claims of ineffective assistance of counsel for failure to object that are raised here are not procedurally barred because he raised them for the first time in his pro se "Petition for Writ of Certiorari," which he filed following the Johnson petition filed by his collateral appellate counsel.  Plaintiff argues that because the Supreme Court invited him to file a pro se response to the Johnson petition, advising that he could "raise and argue any issues you believe the Court should consider in this appeal," Supreme Court Letter (Ex. 5 to Petitioner's Response), his claims should not be barred simply because he failed to raise them in his PCR Application.

However, although a pro se petitioner may raise additional issues not raised by appellate counsel in the Johnson petition, the issues raised by the pro se petitioner must still have been raised to and ruled upon by the PCR court. See Pruitt v. State, 310 S.C. 254, 423 S.E.2d 127, 128 n. 2 (1992) ("the general rule [is] that issues must be raised to, and ruled on by, the post-conviction judge to be preserved for appellate review."); Padgett v. State, 324 S.C. 22, 484 S.E.2d 101 (1997) (issues not ruled on by PCR court are not preserved for appeal). Thus, Petitioner's argument is without merit and Ground Two, Issue Two is procedurally barred from federal habeas review unless Petitioner can show cause for the default and prejudice if the ground is not addressed.

Petitioner argues as cause for the default ineffective assistance of PCR counsel. However, the record reveals that Petitioner filed a pro se Application for Post Conviction Relief and moved for appointed PCR counsel to be relieved at the outset of the PCR hearing. The judge granted the motion and allowed Petitioner to proceed pro se at the hearing. Petitioner testified on his own behalf, and presented the testimony of trial counsel and the prosecutor. App. 348-58; 365-421; 423-24. The undersigned is mindful of the Supreme Court's recent decision in Martinez v. Ryan, – U.S. –, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). However, in Martinez, the question before the court was "whether a federal habeas court may excuse a procedural default on an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." Id. at 1313. Here, Petitioner filed a pro se Application for Post-Conviction Relief, presented his own evidence and arguments at the PCR hearing and filed his own Rule 59(e) motion. Thus, Martinez is not applicable because the PCR counsel who was initially appointed in Plaintiff's case was relieved by the court and the Petitioner proceeded pro se and, thus, was responsible for prosecuting his own action. Accordingly, because

Petitioner cannot establish cause for his procedural default, the court need not address the prejudice prong.

In sum, Petitioner has procedurally defaulted on the claim raised in Ground Two, Issue Two and fails to establish cause for the default. Accordingly, summary judgment is appropriate.

## VI.    CONCLUSION

For the reasons discussed above, it is recommended that Respondent's Supplemental Motion for Summary Judgment (ECF # 104) be granted and the Petition be dismissed.


      s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 5, 2013
Florence, South Carolina


**The parties are directed to the important notice on the following page.**