IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Darrell Davis, | ) | Civil Action No. 4:11-3263-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael McCall, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Timothy Darrell Davis, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report").

On December 5, 2013, the Magistrate Judge issued a Report recommending that the Court grant Respondent's Supplemental Motion for Summary Judgment and that Petitioner's sole remaining ground for relief in his Petition be dismissed. (ECF No. 116).[1] In the Report, the Magistrate Judge concludes that Petitioner's sole remaining ground for relief is procedurally barred from federal habeas review based upon Petitioner's failure to raise that ground at his state court Post Conviction Relief (PCR) hearing.

Objections to the Report were originally due on December 23, 2013. Petitioner filed an

---

[1] By Order of March 25, 2013, (ECF No. 101), this Court adopted a prior Report and Recommendation of the Magistrate Judge, (ECF No. 85), and thereby granted in substantial part Respondent's original Motion for Summary Judgment. (ECF No. 55). Respondent's original motion was granted as to each ground for relief raised by Petitioner with the exception of Ground Two, Issue Two, which is the subject of the present Report.

Objection on January 7, 2014, (ECF No. 123), after seeking and obtaining a filing extension from the Court. (ECF Nos. 118 and 119). In his Objection, Petitioner argues that the procedural default should be excused based upon the alleged ineffective assistance of his PCR counsel. (ECF No. 123).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. After careful review of the Report and objections thereto, the court **ACCEPTS** and incorporates the Report, (ECF No. 116), by reference into this Order. As the Magistrate Judge sets out in the Report, Petitioner served as his own counsel during his state court PCR hearing after seeking and securing the removal of his court-appointed PCR counsel. In light of that fact, Petition cannot now successfully put forth ineffective assistance of PCR counsel as a grounds to excuse the procedural default of Ground Two, Issue Two, the remaining ground for relief in his Petition. Based upon the foregoing, it is hereby **ORDERED** that Respondent's Supplementary Motion for Summary Judgment, (ECF No. 104), be **GRANTED** and that the Petition

be **DISMISSED**.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c) . A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

    IT IS SO ORDERED.

s/ Mary G. Lewis<br>
United States District Judge

January 24, 2014
Spartanburg, South Carolina